DRAKE, J.
| gPIaintiff/Appellant, David Sims, appeals a final judgment of the district court granting summary judgment in favor of Defendant/Appellee, Jack in the Box, Inc. (“Jack in the Box”). For the following reasons, we reverse and remand.

BACKGROUND

Mr. Sims and his sister, Sydney Graup-mann, both allege they were separately injured on October 28, 2008, within a short period of time in the parking lot of a Quik-Stop/Jack in the Box convenience store located on the corner of Greenwell Springs Road and Sherwood Forest Boulevard in Baton Rouge, Louisiana. Ms. Graupmann exited the vehicle, and prior to entering the convenience store, she allegedly tripped in a hole in a grassy area on the side of the convenience store and fell, fracturing her left arm and injuring her knee. After Mr. Sims became aware of his sister’s accident, he exited the vehicle and began heading toward his sister, who was lying on the ground. Before he reached Ms. Graupmann, Mr. Sims tripped over a reinforcement bar (re-bar) protruding from a concrete curb in the parking lot of the Jack in the Box. The curb had been broken into several pieces, and rebar from the concrete curb was exposed. Mr. Sims sustained injuries to his knee and ribs.
In a joint petition for damages, Mr. Sims and Ms. Graupmann filed suit against several defendants, including Jack in the Box, alleging theories of negligence and strict liability. After answering[1] and engaging in some discovery, Jack in the Box filed a motion for partial summary judgment against Mr. Sims. Following a hearing on the motion, the district court granted summary judgment in favor of Jack in the Box, dismissing any and all claims by Mr. Sims against Jack in |sthe Box, with prejudice, at Mr. Sims’s costs. It is from this final judgment that Mr. Sims appeals.

LAW AND DISCUSSION

Mr. Sims alleges the district court erred in granting summary judgment because material issues of fact exist regarding whether the condition of the concrete curb presented an unreasonable risk of harm.

Summary Judgment

The purpose of the summary judgment procedure is to enable the court to expedite the disposition of hearing cases and to put an end to useless and expensive litigation when, as set forth in Louisiana Code of Civil Procedure article 966B, it is properly determined by the court that there is no genuine issue as to any material fact. See La. C.C.P. art. 966B(2); Omega Const. v. Thomco, Inc., 2007-1806 (La.App. 1 Cir. 8/21/08), 994 So.2d 65, 67; see also Babin *866 v. Winn-Dixie Louisiana, Inc., 2000-0078 (La.6/30/00), 764 So.2d 37, 39-40. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B.[2] Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive ' determination of every action.” La. C.C.P. art. 966A(2).
A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966F(1). Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in ^accordance with La. C.C.P. art. 966F(3). Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion. La. C.C.P. art. 966F(2).
The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966C(2).
Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 967B; Pugh v. St. Tammany Parish School Board, 2007-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 2008-2316 (La.11/21/08), 996 So.2d 1113. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967B.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schultz v. Guoth, 2010-0343 (La.1/19/11), 57 So.3d 1002, 1005-06. Because it is the applicable substantive law that determines materiality, whether a | gparticular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Christakis v. Clipper Construction, L.L.C., 2012-1638 (La. App. 1 Cir. 4/26/13), 117 So.3d 168, 170.

Unreasonable Risk of Harm: Open and Obvious Hazards

On de novo review of the record before us, we are unable to say that Jack in the Box established a right to judgment in its favor as a matter of law. In reaching that conclusion, we are obligated to *867 consider whether a defect creates an unreasonable risk of harm by applying the guiding precepts recently set forth by the supreme court in Broussard v. State, Office of State Bldgs., 2012-1238 (La.4/5/13), 113 So.3d 175.[3]
Mr. Sims’s claims against Jack in the Box are rooted in Louisiana Civil Code articles 2317 and 2317.1. Article 2317 states “[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by ... the things we have in our custody.” Article 2317.1 specifically modifies liability under Article 2317 with respect to the owner or custodian of a defective thing. Article 2317.1 provides, in pertinent part:
|fiThe owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
The general rule applicable to an owner or person having custody of immovable property is that he has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. Smith v. The Runnels Schools, Inc., 2004-1329 (La.App. 1 Cir. 3/24/05), 907 So.2d 109, 112. This duty is the same under theories of negligence under Article 2315 or strict liability under Article 2317.1. Under either theory, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the “custody” of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. Vinccinelli v. Musso, 2001-0557 (La.App. 1 Cir. 2/27/02), 818 *868 So.2d 163, 165, writ denied, 2002-0961 (La.6/7/02), 818 So.2d 767.
The Louisiana Supreme Court has described the question of whether a defect presents an unreasonable risk of harm as “a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.” Broussard, 113 So.3d at 183, citing Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362, 364. As a mixed question of law and fact, it is the fact-finder’s role-either the jury or the court in a bench trial-to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is “a matter wed to the facts” and must be determined in light of facts and circumstances of each particular ease. Broussard, 113 So.3d at 183. To aid the |7trier-of-fact in making this unscientific, factual determination, the supreme court has adopted a risk-utility balancing test, wherein the fact-finder must balance the gravity and risk of harm against individual societal rights and obligations, the social utility of the thing, and the cost and feasibility of repair. Brous-sard, 113 So.3d at 184. The supreme court has synthesized this risk-utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of its social utility or whether it is dangerous by nature. Id.
The second prong of this risk-utility inquiry focuses on whether the dangerous or defective condition is obvious and apparent. Generally, a defendant does not have a duty to protect against an open and obvious hazard. Id.; see also Pitre v. Louisiana Tech Univ., 95-1466 (La.5/10/96), 673 So.2d 585, 591. In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all comers, ie., everyone who may potentially encounter it. Broussard, 113 So.3d at 184, 192; Caserta v. Wal-Mart Stores, Inc., 12-0853 (La.6/22/12), 90 So.3d 1042, 1043 (per cu-riam). If the facts and circumstances of a particular case show a dangerous condition should be open and obvious to all who encounter it, then the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Brous-sard, 113 So.3d at 184. Thus, while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard. In other words, the fact-finder determines whether defendant has breached a duty to keep its property in a reasonably safe | scondition by failing to discover, obviate, or warn of a defect that presents an unreasonable risk of harm. Id. at 185.
Here, Mr. Sims alleges the district court erred in granting summary judgment because material issues of fact exist regarding whether the condition of the concrete curb was open and obvious and, if not, Jack in the Box had a duty to warn against the unreasonable risk of harm presented by the allegedly defective concrete curb. Jack in the Box argues that while the obviousness of a condition may be a factor in allocating fault between parties, Louisiana law establishes that no duty is owed as a matter of law with respect to a condition which is obvious to all. Mr. Sims testified that he was injured by a curb that was fully visible to anyone who might be on the premises. Thus, based on the law and the evidence submitted in support of its mo *869 tion for summary judgment, Jack in the Box avers the ruling of the district court was correct.
In support of its motion for summary judgment, Jack in the Box attached a transcript of the deposition of David Sims, a statement of uncontested facts, and copies of photographs of the allegedly defective concrete curb. In his deposition, Mr. Sims alleged he tripped over a concrete curb with re-bar sticking out and suffered injuries. Mr. Sims further testified that the condition of the curb was fully visible and that the accident occurred during the day “in good weather.” Mr. Sims stated that there was a piece of rebar sticking out of the concrete curb “laying flat on the ground,” and that it appeared that someone had “pummeled it with a sledge hammer and busted the curb up.” When asked whether there was anything obstructing his view of the concrete curb and rebar, Mr. Sims responded “no.” Mr. Sims also responded affirmatively that it was a “straight shot” from his vehicle to where his sister had fallen. The district court ultimately granted summary judgment in favor of Jack in the Box on the basis that the concrete curb over which Mr. Sims tripped was not unreasonably dangerous because the condition of the | ^concrete curb was open and obvious to the plaintiff, as supported by the plaintiffs own testimony that he actually saw the defective curb prior to suffering injury.
Recently in Broussard, the supreme court held, as follows:
We have described the question of whether a defect presents an unreasonable risk of harm as “a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.” Reed v. Wal-Mart Stores. Inc., 97-1174, p. 4 (La.3/4/98), 708 So.2d 362, 364 (quoting Tillman v. Johnson, 612 So.2d 70 (La.1993) (per curiam)). As a mixed question of law and fact, it is the fact-finder’s role — either the jury or the court in a bench trial — to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is “a matter wed to the facts” and must be determined in light of facts and circumstances of each particular case. E.g., Dupree v. City of New Orleans, 99-3651, pp. 13-14 (La.8/31/00), 765 So.2d 1002, 1012 (citation omitted); Reed, 97-1174 at p. 4, 708 So.2d at 364.
[[Image here]]
In order to avoid further overlap between the jury’s role as factfinder and the judge’s role as lawgiver, we find the analytic framework for evaluating an unreasonable risk of harm is properly classified as a determination of whether a defendant breached a duty owed, rather than a determination of whether a duty is owed ab initio. It is axiomatic that the issue of whether a duty is owed is a question of law, and the issue of whether a defendant has breached a duty owed is a question of fact. E.g., Brewer v. J.B. Hunt Transp., Inc., 09-1408, p. 14 (La.3/16/10), 35 So.3d 230, 240 (citing Mundy v. Dep’t of Health and Human Res., 620 So.2d 811, 813 (La.1993)). The judge decides the former, and the fact-finder — judge or jury — decides the latter. “In the usual case where the duty owed depends upon the circumstances of the particular case, analysis of the defendant’s conduct should be done in terms of ‘no liability’ or ‘no breach of duty.’ ” Pitre, 95-1466 at p. 22, 673 So.2d at 596 (Lemmon, J., concurring). Because the determination of whether a defect is unreasonably dangerous necessarily involves a myriad of factual considerations, varying from case to case, Reed, 97-1174 at p. 4, 708 So.2d at 364, the cost-benefit analysis employed by *870 the fact-finder in making this determination is more properly associated with the breach, rather than the duty, element of our duty-risk analysis. See Maraist, et. al., Answering a Fool, 70 LA.L.REV. at 1120 (“[0]ne might persuasively argue that the cost-benefit analysis used to determine whether a risk is reasonable or unreasonable is the heart of the breach decision and is one that should be conducted by the fact-finder, rather than by the court_”). Thus, while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard. In other words, the fact-finder determines whether defendant has breached a duty to keep its property in a reasonably safe condition | inby failing to discover, obviate, or warn of a defect that presents an unreasonable risk of harm.
Broussard, 113 So.3d at 183-84 and 185 (Footnotes omitted.)
Broussard was recently interpreted by this court in Currie v. Scottsdale Indemnity Company, 2012-1666 (La.App. 1 Cir. 8/26/13), 123 So.3d 742, where this court was called upon to review cross motions for summary judgment on whether a sidewalk with an uneven depression causing rain water to accumulate created an unreasonable risk of harm. After discussing the precepts in Broussard as set forth above, this court found that the trial court, which granted summary judgment in favor of the defendant based on a finding that the sidewalk defect was an open and obvious defect, erred, stating as follows:
The issue of whether the depression in the sidewalk in this case was an open and obvious condition, such that liability may attach to the landowner if the condition presented an unreasonable risk of harm, and whether, indeed, the condition presented an unreasonable risk of harm, under the particular facts and circumstances of this case, are all genuine issues of material fact remaining and properly determined by the trier of fact employing a duty risk analysis. And, again, guided by the supreme court’s Broussard opinion, this determination will include inquiry regarding the social utility of the sidewalk at issue, the likelihood and magnitude of harm, including whether it was an open and obvious condition, the cost of preventing the harm, and the nature of the plaintiffs activity, including any comparative fault that may attach to the plaintiffs conduct.
Currie, 123 So.3d at 747. Thus, as set forth in Cwirie, “the law now clearly mandates that the analysis of whether an open and obvious defect is an unreasonable risk of harm is properly a determination of fact, that takes into consideration the victim’s own comparative fault, among other factors; and accordingly, is not proper for summary judgment.” Currie, 123 So.3d at 746.
In a trial of this matter, Mr. Sims has the burden of proof to demonstrate liability. Through its motion for summary judgment, Jack in the Box provided the district court with some evidence to support its entitlement to summary relief. Therefore, the burden of proof shifted under Louisiana Code of Civil Procedure | t , article 966C(2) to Mr. Sims to come forward with affirmative evidence sufficient to demonstrate a likelihood that he would be able to meet his burden of proof at trial. The law, as stated by the supreme court in Brous-sard, and this court in Currie, now very clearly mandates that whether an open and obvious condition presents an unreasonable risk of harm, such that liability *871 may be imposed, is not a determination of whether a duty exists, a question of law, but rather, it is a determination of whether that duty was breached, a question of fact. Given that, summary judgment is not proper when a genuine issue of material fact exists as to whether a duty was breached, in cases where the alleged liability arises from an open and obvious condition. Currie, 123 So.3d at 743. Accordingly, we find that the district court erred in granting summary judgment in favor of Jack in the Box and in dismissing Mr. Sims’s case with prejudice.

DECREE

For the foregoing reasons, the summary judgment rendered by the district court in favor of Defendant/Appellee, Jack in the Box, Inc., is hereby reversed. We remand this matter to the district court for further proceedings consistent herein. Costs of this appeal are cast to Defendant/Appellee, Jack in the Box, Inc.
REVERSED AND REMANDED.

. In its answer, Jack in the Box asserted a third-party demand against Landry’s Professional Lawn & Landscape, Inc. ("Landry's Landscape”), the company that performs landscaping and maintenance service work for the convenience store where the plaintiffs suffered injury. Landry’s Landscape filed a motion for summary judgment, which the district court denied on December 27, 2011.

. Louisiana Code of Civil Procedure article 966 was recendy amended by Acts 2013, No. 391, § 1, to provide for submission and objections to evidence for motions for summary judgment. These procedural amendments to Article 966 are not implicated in this appeal.

. In Broussard, a UPS delivery driver sustained injuries when he admittedly and voluntarily chose to attempt to enter a building's visibly misaligned elevator, while maneuvering a loaded dolly (weighing approximately three hundred pounds), by attempting to pull the dolly over a one-half to three-inch elevation caused by the elevator’s misalignment. After his attempt was unsuccessful, “the inertia created by the pull caused him to lose control of the load and forcefully pushed him into the back wall of the elevator,” causing him to sustain a serious back injury. The victim sued, and after a jury trial, the jury awarded him approximately one and one-half million dollars, subject to reduction by the 38% fault the jury assigned to the victim. Broussard, 113 So.3d at 179.
On appeal, this Court had reversed, finding the jury’s conclusion that the elevator offset created an unreasonable risk of harm was erroneous because the defect was open and obvious, and thus, did not present a serious risk of harm. In doing so, this court noted that the victim could have avoided his injuries by acting more reasonably under the circumstances. Broussard v. State, Office of State Buildings, Under Division of Administration, 2011-0479 (La.App. 1 Cir. 3/30/12), 2012 WL 1079182 (unpublished opinion). That opinion, based primarily on a line of jurisprudence (emerging from the circuit courts as well as the Supreme Court), focused on the degree to which a dangerous condition should be observed by a potential victim in determining whether a duty was owed. Broussard v. State, Office of State Buildings, Under Division of Administration, 2011-0479 at pp. 7-8. The Supreme Court granted certiorari (Broussard v. State, Office of State Buildings, 2012-1238 (La. 10/26/12), 99 So.3d 50), "to further examine, under the manifest error doctrine, whether a defective condition is more properly considered an open and obvious hazard where no duty is owed, rather than an unreasonably dangerous condition where comparative fault is applicable.” Broussard, 113 So.3d at 179.