JUDITH PRINCE

VERSUS

ROUSE'S ENTERPRISES, L.L.C. D/B/A
ROUSES MARKETS

NO. 20-CA-150

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 777-221, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

December 02, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.

**<u>REVERSED AND REMANDED</u>**
    **JJM**
    **RAC**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
JUDITH PRINCE
    Matthew A. Sherman
    Patrick R. Follette

COUNSEL FOR DEFENDANT/APPELLEE,
ROUSES ENTERPRISES, LLC D/B/A AIRLINE MANHATTAN INVESTORS,
LLC, AND VICTORY REAL ESTATE INVESTMENTS, LLC
    John E. Unsworth, III

**MOLAISON, J.**

Appellant, Judith Prince, seeks review of the trial court's granting of summary judgment in favor of Appellees, Rouse's Enterprises, L.L.C. d/b/a Rouses Markets, Airline Manhattan Investors, L.L.C., and Victory Real Estate Investments, L.L.C.   The trial court granted Appellees' motion for summary judgment dismissing Appellant's personal injury petition with prejudice.   As we find that there are genuine issues of material fact, we reverse the decision of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 30, 2017, Appellant, Judith Prince, stumbled and fell in the parking lot at 2701 Airline Drive, Metairie, Louisiana, while walking in the crosswalk toward the store of Appellee, Rouse's Enterprises, L.L.C. d/b/a/ Rouses Markets ("Rouse's").  She was wearing flip-flops at the time of the incident.  Appellant fell on her left arm, hip, and side, resulting in a bleeding wound on her left forearm and a broken left arm which required months of physical therapy.  Appellant filed a petition for damages on October 26, 2017 alleging that a pothole in the crosswalk created an unreasonably dangerous condition which caused her to trip, fall, and sustain serious injuries.  She also stated the doctrine of *res ipsa loquitur* applied in this case.  On the same date, Appellant's counsel demanded the preservation of the evidence related to "pot holes" or other dangerous conditions in the cross-walk in a spoliation letter sent to Rouse's.   An employee of Appellee, Victory Real Estate Investments, L.L.C. ("Victory"), requested the repair and measurement of the condition on November 20, 2017.   In January of 2018, Property Services of Louisiana, L.L.C., installed rapid set mortar mix within two holes and leveled out two sections of concrete in Rouse's parking lot.

On January 29, 2018, Rouse's filed an answer to Appellant's petition, affirmative defenses, request for trial by jury, and a third party demand on Appellees, Airline Manhattan Investors, L.L.C., as the owners and lessors of the property, and Victory, as the parties with garde, control and custody, responsible for the maintenance and care of the parking lot.[1] [2] All Appellees are currently jointly represented. On August 29, 2019, Rouse's supplemented its discovery responses with photographs alleged to reveal the height of the defect at issue.

On October 17, 2019, Appellees filed a motion for summary judgment. Appellees asserted that they were entitled to judgment as a matter of law because Appellant cannot satisfy her burden. Appellant filed an opposition to the motion for summary judgment on December 30, 2019.[3] A hearing on the motion for summary judgment was held on January 15, 2020. After the hearing, the trial judge found in favor of Appellees. A written judgment with reasons was entered on January 17, 2020, granting the motion for summary judgment and dismissing Appellant's claims. Appellant filed a timely appeal.

**DISCUSSION**

Appellant alleges four assignments of error. The first is that the Trial Court erred in granting the motion for summary judgment given that the facts clearly show that material issues of fact exist concerning the condition of Appellees' property and whether said condition amounted to an unreasonably dangerous condition. As we find merit to this assignment, we will not discuss the additional errors alleged.[4]

---

[1] The trial court dismissed Rouse's claims against Airline Manhattan Investors, L.L.C. upon Rouse's motion on May 25, 2018.

[2] Appellant amended her petition on May 18, 2018 to add Appellees, Airline Manhattan Investors, L.L.C. and Victory Real Estate Investments, L.L.C. as defendants.

[3] Appellees filed a reply brief on January 7, 2020.

[4] Appellant also alleges: 2) The trial court erred in granting the Motion for Summary Judgment by weighing conflicting evidence regarding material facts; 3) The trial court erred in granting the Motion for Summary Judgment while discovery was ongoing and depositions of Appellees' witnesses were needed prior to a ruling; and 4) The trial court erred in granting the Motion for Summary Judgment because *res ipsa loquitur* is applicable in this matter.

A motion for summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

In a motion for summary judgment, the burden of proof is on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but instead to determine whether there is a genuine issue of triable fact. A "genuine issue" is one upon which reasonable persons could disagree. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. If, based on the evidence, reasonable persons could only reach one conclusion, the issue is not genuine. In determining whether an issue is genuine, the courts cannot make

credibility determinations, consider the merits, evaluate testimony, or weigh evidence. *Id.* Further, a fact is "material" when it would matter on the trial on the merits; i.e., it could insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

An owner or custodian, under La C.C. art 2317.1, and a lessor under La. C.C. art. 2696, are responsible for damage caused by the "ruin, vice, or defect" of things within their custody "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." Thus, in cases of premises liability, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. *Taylor v. Chipotle Mexican Grill, Inc.,* 18-238 (La. App. 5 Cir. 12/27/18), 263 So.3d 910, 914.

In this case, Appellees' Motion for Summary Judgment argued that Appellant could not meet her burden of proving an unreasonable risk of harm caused her injuries, as the cracks in its parking lot did not pose an unreasonable risk of harm. They claimed that the alleged defect is less than one inch and that the area is open and obvious and within the yellow "stripped" [sic] area along a concrete joint in a high trafficked area. They also alleged that Appellant could not prove that defendant had notice of an unreasonable risk of harm. Appellees also allege that *res ipsa loquitur* was not applicable to the present case because injuries of this kind do not lead to an inference that the parking lot owner was negligent. Appellees' claim rests on their allegation that Appellant cannot prove the element of unreasonable risk because Appellant tripped on an expansion joint which measured less than a one-inch variance between concrete blocks which Louisiana

courts have consistently found to be a minor deviation which does not rise to the level of an unreasonably dangerous condition.

In opposition, Appellant argues that she fell on a "pothole" which was next to the expansion joint. Appellant disagreed with Appellees' undisputed facts, "10. Plaintiff testified she fell on a (concrete) joint" and "11. Plaintiff testified she fell in the middle where the concrete is raised a bit." In support of her opposition, Appellant offered her own affidavit; an affidavit of her expert and his report; Appellees' responses to her requests for productions of documents, including photographs; a complete copy of her deposition with exhibits; an affidavit of her attorney; a copy of the petition; and Appellees' response to her interrogatories.

Appellees had the initial burden of showing that Appellant could not prove that the condition presented an unreasonable risk of harm. Appellees relied on jurisprudence, Appellant's deposition testimony, and the photographs attached as exhibits to the deposition. Although their motion claims that case law establishes that a deviation of less than two inches is reasonably safe, they failed to introduce evidence of the size of the deviation in question. Appellees did not present any evidence towards Appellant not being able to meet the other factor of the utility or risk, such as the history of the parking lot or the costs of repairing all similar defects in the parking lot (or crosswalk).

A full copy of Appellant's January 8, 2019 deposition indicates that while she answered a question that she fell on the joint, she also refers to the location of her fall as "this area by the joint." Appellant included an affidavit, to which Appellees did not object, in which she clarifies that after her fall, she saw the pothole that had caused her fall. She states that she stepped into the pothole and felt her foot go down. The photographs attached to the deposition did not have any indication of scale or a foundation of who took the photographs, at what time, or

under what circumstances.[5] The photographs introduced by Appellant as those received from Appellees through her requests for production on August 29, 2019, seven months after Appellant's deposition, show more detailed photographs of the area that Appellant had identified as where she fell in her deposition. Included in these photos are several photographs with a ruler. Appellant asserted that the Appellees failed to place the ruler in the actual pothole.

Appellant introduced the report of her expert, Nicholas S. Musso, AIA, a licensed architect, in which he relied on the petition, deposition of Appellant, and photographs. He refers to the condition observed as a "damaged concrete area," which he found to constitute an unreasonable risk of harm or danger due to there being no uniform walking surface in the designated walkway, at the main entry of the store without a notification of the nonconformity required by the ADA Guidelines and the Life Safety Code. Mr. Musso states it would be in violation of American Society for Testing and Materials Standards F-1637-02 5.7.1.2 due to a substandard walkway condition where the pavement is broken, depressed, or cracked. His report also opines that the owner/operator should have been aware of this condition as it took time to develop and is located in a designated walkway at the main entry of the store.

After a *de novo* review of the evidence, this Court finds that based on the record presented, Appellees are not entitled to summary judgment as a matter of law. Drawing all inferences in favor of Appellant and refraining from making any credibility determinations, the evidence shows there are contested material facts. The size of the defect is disputed and inconclusive to whether it poses an unreasonable risk of harm without a balance of risk and utility. Furthermore, there is a dispute as to whether Appellant tripped on the expansion joints or in a hole (or

---

[5] Also, while references are made to Appellant circling the spot where the incident occurred in her deposition, the record does not contain marked photographs for Ex. C, D, & E.

crack) in the concrete near the expansion joints which is necessary to the balancing of utility and risk.

The Louisiana Supreme Court has addressed the issue of the unreasonableness of conditions of a sidewalk and parking lot in the two frequently cites cases of *Reed v. Wal-Mart Stores, Inc.,* and *Boyle v. Board of Supervisors, Louisiana State University*. In these cases, the court found no duty to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs, but only those defects which present an unreasonable risk of harm.[6] Many factors should be considered and weighed in determining if a risk is unreasonable, including the claims and interests of the parties, the probability of the risk occurring, the gravity of the consequences, the burden of adequate precautions, individual and societal rights and obligations, and the social utility involved. *Dupree v. City of New Orleans*, 99-3651 (La. 8/31/00), 765 So.2d 1002, 1012. Louisiana courts, usually in a review of facts developed after a trial on the merits, in making a determination of unreasonable risk have considered the size of the defect, the number of years it has existed, its location, whether it was readily observable, and the accident history of the defect. *See Reed*, 708 So.2d at 365-66; *Chambers v. Village of Moreauville*, 11-898 (La. 1/24/12) 85 So.3d 593, 601.

Although Louisiana courts frequently have found that height deviations less than two inches between the concrete plates at a joint are not unreasonable, a hole (or crack in the plate), does not have the same social utility as an expansion joint, which is an integral part of a sidewalk. *Leaman v. Continental Cas. Co.*, 00-292 (La. App. 4 Cir. 9/26/01), 798 So.2d 285, 292. In the *Reed* case, the Louisiana

---

[6] In *Boyle*, the Supreme Court found no unreasonable risk of harm existed considering the risk caused by the ½ - one-inch depression between sidewalk slabs, the small risk of injury due to several years of heavy traffic without reported injury, and the social utility including the costs to repair all defects in the 25 miles of sidewalks located at the university. *Boyle v. Board of Supervisors, Louisiana State University*, 96-1158 (La. 1/14/97), 685 So.2d 1080. In *Reed*, the Supreme Court found no unreasonable risk of harm considering the negligible size of the defect, absence of previous accidents, the utility of the expansion joint, and the prohibitive cost of repair. *Reed v. Wal-mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So.2d 362.

Supreme Court found utility in expansion joints as necessary for the safety and maintenance of concrete, because the joints allow the concrete in the larger paved surfaces to expand and contract without pressing against each other causing "cracking, shifting and buckling which would produce far more hazardous deviations than the minor ¼ to ½ inch variation at issue here." *Reed*, 708 So.2d at 366. In *Johnson v. Brookshire Grocery Co., Inc.*, 32,770 (La. App. 2 Cir. 3/1/00), 754 So.2d 346, *writ denied*, 00-0938 (La. 5/26/00), 762 So.2d 1107, the appellate court affirmed the trial court's determination that a hole, of indeterminate size, in the crosswalk constituted an unreasonable risk of harm.[7] While the plaintiff estimated the hole as three to four inches deep and her daughter estimated the hole as three to six inches deep, the defendant's maintenance man estimated that the crack or deviation was about one inch deep by eight or twelve inches wide. *Id.* at 350. The Second Circuit distinguished the small sunken area which extended in width to the length of a person's foot as unlike the relatively small expansion joint cracks addressed in the *Boyle* and *Reed* cases, in finding it to be an obstacle which could cause serious injury. *Id.*

Although the trial judge found there was no question of fact that the case involved a fall involving the "area where expansion joints of four separate slabs meet" and the deviation between the slabs was less than one inch, we are unable to make these findings based on the record before us. We do not find that the photographs conclusively establish the size of the defect. In particular, the several photographs of a ruler placed on one concrete slab, which appears to measure the .75 inch deviation of the joints at the raised portion of the adjacent slab, indicate that there is a deeper hole in the same area that was not measured. Appellant argued in her opposition that the ruler was placed on the joint next to the actual

---

[7] The Second Circuit also affirmed on the basis that the trial court made a credibility finding of the testimony of Johnson and her daughter in determining that the hole in the crosswalk presented an unreasonable risk of harm to Johnson, as well as to other customers. *Johnson*, 762 So.2d at 351.

hole. Without Appellees establishing that Appellant fell on the slab deviation or providing the measurement of the hole, the Appellant should not be required to produce evidence of the size of the hole to defeat a motion for summary judgment. Appellees repaired the hole without taking appropriate measurements or giving notice to Appellant. Additionally, as demonstrated by *Johnson*, *supra*, recovery is not barred when exact measurements of the defect are unavailable.

Furthermore, size is not the only issue related to whether a defect is an unreasonable risk. The mere small size of a deviation is not dispositive with respect to the harm, but merely one factor for a court in "a myriad of considerations. . .which requires a balancing of the risk and utility of the condition." *Reed*, 108 So.2d at 364. Appellees' motion focused on the conclusiveness of the size without submitting evidence as to the risk of injury, social utility, and cost of repair, the other factors in the risk-utility balancing test. *Boyle*, 685 So.2d at 1083. Another important factor is the location of the defect. *Reed*, 108 So.2d at 363. In this case, the defect is located in the crosswalk, in front of the store, where patrons are directed to cross the roadway to the store's entrance. As the Appellant's expert notes in his report, the defect in the walking surface is located in a designated path to and from the parking area. The location in the crosswalk is a factor in the risk-utility analysis as the cost of repairing the concrete in areas where customers are encouraged to cross is different than the cost in maintaining the concrete in the entire parking lot.

The location also raises an issue as to whether the defect was an open and obvious condition. While Appellees imply that the yellow stripes of the crosswalk should make the defect more noticeable, this argument ignores the purpose of a crosswalk as a designated walkway. In *Johnson v. Brookshire Grocery Co., Inc.*, the court noted that while normally a patron should be on the lookout for irregular surfaces in a parking lot, in the crossway, one's focus should be for oncoming

vehicles. 754 So.2d at 351 (The Court stated the sunken area was in the crossing lane where one's peripheral vision toward the surface would pick up the yellow markings as an assurance of an appropriate walkway area).  While Appellees assert that the photographs show the cracks in the lot were open and obvious, we find this is an issue on which reasonable persons could disagree as the analysis of whether a defect is an open and obvious condition is a factual determination which is often not properly resolved by summary judgment. *Graupmann v. Nunamaker Family Ltd. Partnership*, 13-580 (La. App. 1 Cir. 12/16/13), 136 So.3d 863, 870-71.

We also find that the decision of whether Appellant fell due to a hole or a raised joint is a question of fact more properly left to a trial on the merits. Appellant seems to consistently claim that the unreasonable condition in the crosswalk was the hole in the pavement by the joint: her complaint states that her foot "fell" into the hole and her affidavit references the hole.[8]  When the trial judge stated that "call[ing] it a pothole is a little exaggerated," counsel for Appellant stated he would change his terminology to "cracks in the concrete" or "cracked concrete which created a hole."[9]  The affidavit of Appellant's counsel and Appellees' responses to requests for production, support a finding that the issue of whether the condition causing the accident was the expansion joints or the hole is inconclusive.  Appellant's counsel's spoliation letter sent to Rouse's on October 26, 2017 refers to the preservation of evidence related to "pot holes" or other dangerous conditions in the crosswalk.  In seeking to repair the condition, an

---

[8] Although Appellant initially denied that her fall was caused by an area that was a joint where four different sections of concrete met, she then clarifies that to the best of her recollection, it was a joint.  She later locates the location on a photo by stating it "appears to be this area by the joint." Any inferences drawn from ambiguities found in Appellant's deposition testimony should be viewed in the light most favorable to the Appellant, as the non-moving party. *Schroeder v. Bd. of Supervisors*, 591 So.2d 343, 345 (La. 1991).

[9] At the hearing on the motion for summary judgment, the trial judge stated "the pictures are not a pothole. . .What I'm looking at with the photographs, you've got what appears to be some chips off of the corners where the four corners join together.  It looks like, you know, the corner on, on two just kind of like they chipped away so it's not really a pothole.  A pothole is where you've got something that is destroyed, the undersurface and, you know.  When you think of pothole, you're thinking of something 12 inches in diameter perhaps."

employee of Victory, Gina Christopher requested the fixing of a "hole in the drive at Airline" by email on November 20, 2017 to Sihur "Stan" Hartman.[10] Ms. Christopher also requests that "[b]efore you fix it please measure the length and depth of the indentation."[11] An invoice of January 25, 2018 reflects that on January 6, 2018, "Rouses reported pot holes in front of store within parking lot" to Property Services of Louisiana, L.L.C., who removed debris and dirt from three areas, supplied and installed rapid set mortar mix within two holes, and leveled out two sections of concrete. Additionally, Appellant's expert refers to the condition observed as a "damaged portion of the concrete adjacent to an expansion joint."

Contrary to Appellees' motion, there is no fixed rule to determine whether a defect in a sidewalk or parking lot is unreasonably dangerous. *Chambers* 85 So.3d at 598. Whether a risk is unreasonable is a factual matter that must be determined in light of each particular case's facts and circumstances, not a simple rule of law which can be applied mechanically to the facts of the case. *Dupree*, 65 So.2d at 1012; *Reed*, 708 So.2d at 364. While summary judgment may be appropriate to resolving the issue of whether a condition presented an unreasonable risk of danger, it is best used to determine the legal significance of when the facts are undisputed. *Dowdy v. City of Monroe*, 46,693 (La. App. 2 Cir. 11/2/11), 78 So.3d 791, 797-798. The question is not whether Appellant is likely to prevail on the factual issues at trial, but simply whether there are genuine issues of material fact for trial. *McAdams v. Willis Knighton Medical Center*, 38,181 (La. App. 2 Cir. 12/19/03), 862 So.2d 1186, 1192.

---

[10] Ms. Christopher was referred to in discovery documents as the employee who oversees inspections and scheduling of all parking lot issues. It appears that a carbon copy was sent to Heather M. Madland, but no evidence was presented as to her identity.
[11] There was no evidence presented to show that measurements were taken before repair.

Therefore, as we find there remain genuine issues of material fact with respect to whether this condition presented an unreasonable risk of harm, we find the trial court erred in granting Appellees' motion for summary judgment.

**CONCLUSION**

Accordingly, we reverse the summary judgment in favor of the Appellees and remand this case to the trial court for further proceedings.

**<u>REVERSED AND REMANDED</u>**

SUSAN M. CHEHARDY

CHIEF JUDGE


FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL

CLERK OF COURT


MARY E. LEGNON

CHIEF DEPUTY CLERK


SUSAN BUCHHOLZ

FIRST DEPUTY CLERK


MELISSA C. LEDET

DIRECTOR OF CENTRAL STAFF


(504) 376-1400

(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 2, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-150

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
MATTHEW A. SHERMAN (APPELLANT)          PATRICK R. FOLLETTE (APPELLANT)          JOHN E. UNSWORTH, III (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED